UNITED STATES of America,
Plaintiff-Appellee,

v.

Glenton Anthony PETERKIN,
Defendant-Appellant.

No. 15-15378
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(April 24, 2017)

Nicole D. Mariani, Laura Thomas Rivero, Wifredo A. Ferrer, Andrea G. Hoffman, Kevin Quencer, Emily M. Smachetti, Nalina Sombuntham, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee

Michael Caruso, Federal Public Defender, Joaquin E. Padilla, Ian McDonald, Federal Public Defender's Office, Miami, FL, for Defendant-Appellant

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Glenton Peterkin argues that the district court erred by using two Florida convictions to enhance his sentence for being a career offender under U.S.S.G. § 4B1.2. But the arguments are squarely foreclosed by this Court's prior published opinions. Mr. Peterkin's career offender enhancement is unaffected by the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), because vagueness principles do not apply to the advisory Sentencing Guidelines. *See Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017); *United States v. Matchett*, 802 F.3d 1185, 1190 (11th Cir. 2015). And his Florida convictions that supported the enhancement—for robbery (Fla. Stat. § 812.13(1)) and aggravated assault (Fla. Stat. § 784.021)—remain qualifying predicates under § 4B1.2. *See United States v. Lockley*, 632 F.3d 1238, 1240–46 (11th Cir. 2011) (robbery conviction under § 812.13(1) qualifies as crime of violence); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1332 (11th Cir. 2013) (aggravated assault conviction under § 784.021 qualifies as crime of violence).

**AFFIRMED.**